Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MICHELINA M. DELLAFERA,<br><br>                    **Plaintiff,**<br><br>       v.<br><br><br>CURTIS MICKLE, SECURITY USA, INC., JOHN DOES I-X (said names being fictitious, true names presently unknown), ABC CORP. I-X (said names being fictitious, true names presently unknown),<br><br>                    **Defendants.** | **Civil Action No.: 25-7024 (ES) (JBC)**<br><br>**OPINION** |

**SALAS, DISTRICT JUDGE**

This comes before the Court in connection with Plaintiff Michelina M. Dellafera's motion to remand the matter to state court. (D.E. No. 10). Having carefully considered the parties' submissions[1] and other relevant portions of the record, the Court decides this matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b); and it appearing:

1.     This case concerns an automobile accident that took place on the New Jersey Turnpike on or about May 25, 2023. (*See generally* D.E. No. 1-1 ("Complaint" or "Compl.")). Plaintiff alleges that Defendant Curtis Mickle negligently caused that accident, injuring her. (*Id.* at "First Count" ¶ 3). Plaintiff has asserted various claims against both Mr. Mickle and Defendant

---

[1]     Plaintiff filed a memorandum of law in support of her motion to remand. (D.E. No. 10 ("Mov. Br.") at 1–8 (ECF Pagination)). Defendants filed a memorandum of law in opposition on July 21, 2025. (D.E. No. 12 ("Opp. Br.")). Plaintiff filed a reply on August 4, 2025. (D.E. No. 17).

Security USA, Inc. (collectively "Defendants"), which allegedly owned the vehicle Mr. Mickle was driving at the time of the accident. (*See generally id.*). Plaintiff commenced this matter on April 7, 2025, by filing a Complaint in the Superior Court of New Jersey, Essex Vicinage. (*See generally* Compl.).

2. The record reflects that Plaintiff's process server personally served Defendant Security USA, Inc. with the summons and Complaint on April 16, 2025. (D.E. No. 10 at 36–37 (ECF pagination)). Defendants do not suggest otherwise. (*See generally* Opp. Br.).

3. The record further reflects that Plaintiff unsuccessfully attempted to personally serve Defendant Mickle on April 23, 2025. (D.E. No. 10 at 38–39 (ECF pagination)).

4. On June 3, 2025, Defendants, who are represented by the same counsel, removed the case to the United States District Court for the District of New Jersey. (*See generally* D.E. No. 1 ("Notice of Removal")). Defendants represented that their removal was timely "because it [was] filed within thirty (30) days of when Defendant, Curtis Mickle, was alerted to this action by [his counsel]." (*Id.* ¶ 5). Defendants further represented that Plaintiff never formally served Defendant Mickle. (*Id.*). Neither defendant responded to the Complaint in state court prior to removal. (*Id.* ¶ 3).

5. On July 3, 2025, Plaintiff filed a motion to remand the case to the Superior Court of New Jersey pursuant to 28 U.S.C. § 1447(c), arguing that Defendants failed to timely remove the matter to federal court within 30 days of service as required under 28 U.S.C. § 1446(b). (Mov. Br. at 3–4). Plaintiff contends that she effectuated proper service on Defendant Mickle by serving Defendant Security USA, Inc. at Mr. Mickle's ordinary place of business and by subsequently mailing copies of the process documents to Mr. Mickle's home address. (Mov. Br. at 3–4 & 5–6). In the alternative, Plaintiff suggests that her service on Defendant Security USA, Inc. provided Mr.

2

Mickle with "notice" of the case sufficient to trigger his thirty-day removal countdown.  (*Id.* at 3–4 & 6).  In their opposition, Defendants argue, in essence, that because Plaintiff never effectuated proper service on Mr. Mickle, his removal period never began to run.  (Opp. Br. at 2–5).  The Court agrees with Defendants' interpretation of the relevant law.

6.    28 U.S.C. § 1446(b), which governs the timeline for removals, provides, in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b)(1).  "If the removing defendant fails to comply with [the procedural requirements of 28 U.S.C. § 1446(b)], '[a] motion to remand the case . . . must be made within 30 days after the filing of the notice of removal.'"  *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 383 (3d Cir. 2019) (citing 28 U.S.C. § 1447(c)).  The record reflects that Plaintiff filed a timely motion to remand in this matter.  (*See* Notice of Removal (filed on June 3, 2025) & D.E. No. 10 (filed on July 3, 2025)).

7.    While 28 U.S.C. § 1446(b) suggests, on its face, that the 30-day window for removal will begin to run upon a defendant's mere "receipt" of a removable pleading, the United States Supreme Court has clarified that only formal service will suffice to start the clock.  In *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, the Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, *but not by mere receipt of the complaint unattended by any formal service*."  526 U.S. 344, 347–48 (1999)

3

(emphasis added); *see also Advanced Surgery Ctr. v. Conn. Gen. Life, Ins. Co.*, No. 12-2715, 2012 WL 3598815, at *9 (D.N.J. July 31, 2012) (finding that "improper service that fails to give a court personal jurisdiction over a defendant will not trigger the time for removal").  This rule preserves "the historic function of service of process as the official trigger for responsive action" by named defendants, as supported by the legislative intent behind § 1446.  *Id.* at 352–53.  Moreover, "[u]nder the later-served defendant rule, each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." *Delalla v. Hanover Ins.*, 660 F.3d 180, 185 (3d Cir. 2011).  Previously served defendants may then join in or consent to that removal, even if their own 30-day periods have already closed.  *See, e.g.*, *Batista v. City of Bayonne*, No. 25-14943, 2026 WL 91419, at *2 (D.N.J. Jan. 12, 2026) (citing 28 U.S.C. § 1446(b)(2)(C)).  The United States Court of Appeals for the Third Circuit has explicitly adopted the later-served defendant rule, finding it "represents the best reading of § 1446(b) 'for reasons grounded in statutory construction, equity and common sense.'" *Delalla*, 660 F.3d at 185 (quoting *Destfino v. Reiswig*, 630 F.3d 952, 955 (9th Cir. 2011)); *see also id.* at 189 ("We conclude that the later-served rule presents a better reading of the language [of] § 1446(b) and results in more equitable treatment to later-served defendants.").

8.      Plaintiff argues that her efforts to serve Defendant Mickle suffice under the New York Civil Practice Law & Rules ("CPLR").  (Mov. Br. at 3 & 6).  Plaintiff does not explain, however, how the CPLR might govern service of process in an action pending in the New Jersey Superior Court.  (*See generally id.*).  Indeed, it does not.  New Jersey Court Rule 4:4-4 governs service in such cases, and requires personal service within the state of New Jersey, N.J. Ct. R. 4:4-4(a), or, if such service cannot be made "despite diligent effort and inquiry," authorizes litigants to effectuate substituted service by submitting an appropriate affidavit to the court as set forth in New

4

Jersey Court Rule 4:4-5(b), and then following the requirements of 4:4-4(b).  Plaintiff did not comply with those requirements, and thus did not effectuate formal service on Defendant Mickel prior to Defendants' removal.  In turn, Defendant Mickel's 30-day removal period never began to run, and Defendants' removal was timely under 28 U.S.C. § 1446(b).  As Plaintiff has not articulated any other cognizable legal basis for remand, the Court will **DENY** her motion.

An appropriate Order follows.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**

Date:  February 20, 2026

Cc:    James B. Clark, III, U.S.M.J.

5